448 So.2d 608 (1984)
Lazro QUINONES, Fausto Pedro Astudillo, Angel Rafael Verdecia and Felipe Gonzalez, Appellants,
v.
The STATE of Florida, Appellee.
No. 83-1009.
District Court of Appeal of Florida, Third District.
April 17, 1984.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, Kurt Marmar and John H. Lipinski, Sp. Asst. Public Defenders, for appellants.
Jim Smith, Atty. Gen., Michael J. Neimand, Asst. Atty. Gen., and Lawrence G. Price, Certified Legal Intern, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
The sentences which are under review by this appeal are reversed and the cause is remanded to the trial court for re-sentencing upon a holding that: (1) a trial court has discretionary authority to rule on the state's motion to reduce sentence *609 based on the defendant's substantial assistance to the state pursuant to Section 893.135(3), Florida Statutes (1981), and is not bound by the state's recommendation as to what sentence should be imposed on the defendant, State v. Benitez, 395 So.2d 514, 519 (Fla. 1981); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983); (2) the trial court did not fully exercise its discretionary authority in ruling on the state's motion to reduce sentence under Section 893.135(3), Florida Statutes (1981), as it (a) erroneously concluded that it had no legal authority to sentence the defendants to a more lenient sentence than that recommended by the state, (b) did not consider imposing such a sentence for supposed lack of legal authority to do so, and (c) thereupon sentenced the defendants to five years imprisonment in accord with the state's recommendation, see Berezovsky v. State, 350 So.2d 80 (Fla. 1977); (3) the trial court upon remand should exercise its full discretionary authority when ruling on the state's motion to reduce sentence, under Section 893.135(3), Florida Statutes (1981), taking into consideration (a) the state's recommendation thereon without in any way being bound thereby, and (b) any pre-sentence investigation report which may be called for in this case. See Fla.R.Crim.P. 3.710.
Reversed and remanded.