499 So.2d 13 (1986)
John DOE, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1022.
District Court of Appeal of Florida, Third District.
December 9, 1986.
Rehearing Denied January 15, 1987.
*14 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
PER CURIAM.
Defendant appeals his sentences entered upon a guilty plea, contending that the trial court failed to exercise its independent sentencing discretion under section 893.135(3), Florida Statutes (1983). We agree. The trial judge labored under the mistaken impression that he was not free to reduce defendant's sentence beyond that recommended by the state under the terms of defendant's Pre-plea Agreement. The trial court imposed the five-year mandatory minimum sentence, erroneously believing that the statute prohibited further reduction; however, the trial court had the discretion to reduce the sentence further and was not bound by the state's recommendations. Quinones v. State, 448 So.2d 608 (Fla.3d DCA 1984); see State v. Benitez, 395 So.2d 514 (Fla. 1981); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). We therefore remand the cause to the trial court for resentencing.
Reversed and remanded.