499 So.2d 63 (1986)
Kevin James MADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-479.
District Court of Appeal of Florida, Fifth District.
December 24, 1986.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a denial of a motion to mitigate a sentence. Appellant and the state agreed that if appellant would "provide substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, co-conspirators, or principals" that the state would so inform the court and thus assist in the reduction of his fifteen year minimum mandatory sentence. See § 893.135, Fla. Stat. (1985). Because the state did not file the motion seeking a sentence reduction the court correctly refused to reduce the sentence, even though appellant presented seven letters from agents and attorneys from federal agencies saying he rendered substantial assistance.
*64 It is a discretionary act upon the part of the state attorney to assist in sentence reduction under the statute. The judiciary will not interfere with this executive decision which is wholly within the prosecutor's discretion.
AFFIRMED.
ORFINGER, J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
An affirmance is appropriate in this case because there was no evidence the prosecutor acted in bad faith in refusing to file the motion seeking reduction of the sentence pursuant to section 893.135(3)[1] and there was also evidence that Madden failed to render "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators or principals," pursuant to his plea agreement with the state. He apparently attempted to solicit machine guns to use to assassinate the state's key witness in the case against him. However, I question the view expressed by the trial court and the majority that refusal of the prosecutor to file the motion to reduce sentence is completely determinative of the case.
NOTES
[1] State v. Werner, 402 So.2d 386 (Fla. 1981).