PER CURIAM.
The appellant was charged with trafficking in cocaine and conspiracy to possess cocaine in sufficient quantities to call for a fifteen-year minimum-mandatory sentence per the provisions of section 893.135 of the Florida Statutes.
The appellant offered to provide substantial assistance to the prosecuting attorney regarding the identity of his accomplices after the state agreed to waive minimum-mandatory sentences upon two conditions: that the appellant make a statement in regard to the criminal transactions charged which would lend substantial assistance to the prosecution in the identification, arrest or conviction of his accomplices and that such statement be truthful as verified by a polygraph test. At the time of the tender of the guilty plea and the agreement for the five-year recommendation, the state also indicated that if the information given by the appellant did, in fact, lead to the identification, arrest or conviction of accomplices “up the ladder” in the transaction, they would recommend a reduction to a three-year sentence. At this time the trial court made it clear that it was accepting the tendered plea as a negotiated plea with conditions.[1]
*725 At the time the matter returned to the trial court for sentencing, the trial court was made aware that the appellant had met the first condition of his negotiated sentence by giving truthful information that was verified by the polygraph examination; however, he had not met the second condition in that he failed to give information that would lead to the identification, arrest or conviction of accomplices “up the ladder.” Thereupon the trial judge sentenced the appellant to five years in accordance with the sentencing agreement made at the time of the plea.
The appellant appeals contending that the plea agreement was faulty by its terms and that the trial judge felt compelled to follow the state’s recommendation as to sentencing and therefore committed reversible error under Doe v. State, 499 So.2d 13 (Fla. 3d DCA 1987), and Quinones v. State, 448 So.2d 608 (Fla. 3d DCA 1984). We disagree.
The written plea contract was augmented in open court by discussions and agreement between the state, the appellant and defense counsel wherein it was clearly pointed out and understood that the state would not recommend a reduction from five to three years unless the appellant’s statement led to the prosecution of others “up the ladder” in the transaction with which the appellant, Hester was. charged.[2] It is apparent in the record that the trial court was aware of Quinones, supra, and made it plain to all concerned at the time of the sentencing that he had full discretion to render any sentence he thought appropriate.[3] Once the state concedes substantial assistance, a defendant charged under section 893.135, Florida Statutes (1985) is then no longer subject to the minimum-mandatory sentences provided in said section and the defendant occupies the same position relative to bargaining with the state by tendering a plea in exchange for negotiated sentence as any other defendant in a criminal proceeding. In the instant case, in exchange for his guilty plea, the appellant was given an opportunity to offer substantial assistance which, if he did, would result in a waiver by the state of a right to a *726 minimum-mandatory sentence and an initial recommendation of a five-year sentence. The state further agreed that if the assistance resulted in criminal proceedings against one “up the ladder” involved in the criminal transaction it would recommend a further reduction. The defendant met the first condition, he failed to meet the second. The trial judge, having previously recognized that he would have had discretion to reject the sentence tendered by the state in the event of substantial assistance, nevertheless had already approved the plea bargain upon conditions and merely sentenced the defendant in accordance with the agreement as made.
Wherefore, for the reasons above stated, the convictions and sentences under review be and the same are hereby affirmed.
Affirmed.

. The transcript reveals the following testimony:
"THE COURT: Has anybody told you or promised you what the court would do in the event that I accept your plea other than what is contained in this plea agreement?
THE DEFENDANT: No, Your Honor.
THE COURT: Do you understand that you are to receive five years, if you complete a polygraph and that’s the minimum mandatory, if you complete the polygraph, give to them all the information that you know, and there’s a possibility of further reduction in the event that there’s testimony or apprehension of any of the people enumerated in the statute; you understand that?
THE DEFENDANT: Yes, I do, Your Honor.
THE COURT: Now, you understand further that if you fail the polygraph, this plea is not going to be rescinded; you understand that?
THE DEFENDANT: Yes, I do.
THE COURT: That means you will be sentenced by, under the law, to a minimum mandatory of fifteen years in the State penitentiary; do you understand that?
THE DEFENDANT: Yes, I do understand that.
*725 THE COURT: Which means, son, you have got to tell them the truth, that’s all. Other than that, it’s pack your bag, okay?”

. The transcript reveals the following testimony:
"MR. MARRERO: Mr. Hester will receive a reduction from fifteen years down to a five-year minimum mandatory. Pursuant to the contract, he is going to have to give the State Attorney's office and 1 will take the statement from Mr. Hester about information involving this case and any other individuals that he knows are involved in drug trafficking. He has to take a polygraph examination, George Slat-tery will give the polygraph in this particular case.
In addition, he has to pass the polygraph and to get a further reduction from five years to a three-year minimum mandatory, he is going to have to find a police agency which is willing to take this information and make a case against the people that he is going to provide in the same.
THE COURT: Now, I want to caution all of you and the defendant that the statute prescribes that it’s either for co-perpetrator, co-conspirator, co-defendant or one of the people involved in this offense; it that correct?
******
MR. MARRERO: Well, I want information from this particular case.
THE COURT: I don’t care what information you get in order to get in the second phase and comply with the second phase. It’s this court’s recollection of the statute that it has to be, again, co-conspirator, co-perpetrator, or co-defendant, or perhaps in the case in which he is charged.
******
MR. MARRERO: My understanding was from the negotiation that they would also be willing to identify other people and testify against other people.
THE COURT: That’s fine. That’s what you call as a bonus but that’s not going to be, to be a predicate for further reduction, is it?
******
MR. MARRERO: Let’s do it this way plus any information he gives about other people will be a bonus.”

. The transcript reveals the following testimony:
"THE COURT: Well, the statute says that. The court is well aware it says I may even suspend any entry of sentence, may reduce or suspend under 135, that’s why I pulled the statute book out.
******
THE COURT: I’m satisfied of two things. I’m satisfied, one, very clearly, pursuant to the statute, that the court has discretion once the State moves for substantial assistance to even suspend the entry of sentence.
******