ORFINGER, Judge.
The State appeals from an order mitigating defendant’s mandatory minimum sentence. We reverse.
The defendant and three others were charged with trafficking in cocaine in an amount of 400 grams or more in violation of section 893.135(l)(b)(3), Florida Statutes (1985).[1] Agerton was also charged with possession of a machine gun. The case against Agerton was later severed from that of his codefendants.
As part of a plea bargain, Agerton entered a plea of guilty to possession of the machine gun and to a violation of section 893.135(l)(b)(2), which carries a lesser penalty.[2] At the plea hearing, the prosecutor stated that as part of the plea arrangement, the State had agreed to recommend that Agerton be sentenced to the five year mandatory minimum period of incarceration on both charges. Agerton testified that no other promises had been made to induce him to enter the plea of guilty.
After the State had established the factual basis for the plea, which Agerton agreed was essentially correct, Agerton was sentenced to five years imprisonment and a $100,000 fine was imposed. Following his sentencing, Agerton was served with a subpoena to testify in the trial of one of his original codefendants.
Agerton later moved to mitigate his sentence, contending that a trial court may reduce or suspend a defendant’s sentence if the defendant has rendered substantial assistance in the identification, arrest, or conviction of any of his accomplices pursuant to section 893.135(3). He recited that he had testified against his codefendant even though he feared for his life and that as a result of his testimony, the State was able to convict the codefendant. Agerton requested that the trial court reduce his sentence, suspend his sentence or place him on probation in recognition of his substantial assistance to the State.
While the prosecutor acknowledged that Agerton did render substantial assistance in the conviction of the codefendant, the prosecutor was not willing to move to mitigate Agerton’s sentence, because there had been no agreement that he would do so, and because Agerton had already benefited by the reduction of his potential sentence from fifteen to five years imprisonment. There was also evidence that Agerton testified in his codefendant’s case under threat of contempt should he refuse to honor his *1243 subpoena. Following argument, the court granted the motion, reduced the sentence to imprisonment for three years, and eliminated the originally imposed fine.
Section 893.135(3), Florida States (1985) provides:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspir-ators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.
Once the state attorney moves to reduce or suspend the sentence of a defendant pursuant to this section, the trial court is vested with the final discretion to determine the defendant’s sentence and is not bound by the State’s recommendation. State v. Benitez, 395 So.2d 514 (Fla.1981); Hester v. State, 507 So.2d 724 (Fla. 3d DCA 1987); Doe v. State, 499 So.2d 13 (Fla. 3d DCA 1986); Quinones v. State, 448 So.2d 608 (Fla. 3d DCA 1984); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). However, a trial court has no authority to sua sponte reduce or suspend a statutory minimum sentence under section 893.135 and may reduce or suspend the defendant’s sentence only after a motion has been made by the state. Madden v. State, 499 So.2d 63 (Fla. 5th DCA 1986). See also State v. Suarez, 510 So.2d 643 (Fla. 2d DCA 1987); State v. Cuesta, 490 So.2d 239 (Fla. 2d DCA 1986); State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982). In Madden, this court held that even where the State had agreed to file a motion to mitigate sentence in return for substantial assistance by the defendant, unless the prosecutor filed such motion, the trial court had no authority to mitigate the mandatory minimum sentence. In Madden, there was conflicting evidence on the question of whether the defendant had rendered substantial assistance and there was no evidence of bad faith on the part of the prosecution in refusing to move for mitigation.[3]
In the case before us, the State did not move to mitigate defendant’s sentence. On the contrary, the State opposed his motion. By Agerton’s own admission, the plea bargain did not include any promise by the State to seek mitigation of his sentence in return for his “substantial assistance” in testifying against his codefendant. He was subpoenaed to testify at his codefend-ant’s trial, and threatened with contempt if he refused. Thus, there is no evidence of bad faith or prosecutorial overreaching. The trial court could not intrude into the prosecutorial function and mitigate the sentence absent a motion to mitigate by the State. See State v. Werner, 402 So.2d 386 (Fla.1981).
The order mitigating defendant’s sentence is reversed and the case is remanded with instructions to reinstate the original sentence.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

. This section provides for a mandatory minimum term of imprisonment of fifteen years and a fine of $250,000.

. This section involves trafficking in cocaine of 200 grams or more but less than 400 grams, and carries a mandatory minimum term of imprisonment of five years and a $100,000 fine.

. In State v. Werner, 402 So.2d 386 (Fla.1981), the Florida Supreme Court held that the discretion afforded the state attorney under section 893.135(3) did not render the statute unconstitutional. Werner had argued that the state attorney could secure substantial assistance from a defendant and yet not live up to his side of the bargain by moving for a reduction or suspension of the sentence. The court noted that good faith compliance with the rules governing the plea bargaining process will prevent prosecuto-rial overreaching and alleviate any possible constitutional infirmities which might plague the unique procedure established by subsection (3).