PER CURIAM.
This cause is before us on appeal from a judgment and sentence. Appellee pled guilty to conspiracy to traffic in 28 or more grams of cocaine in violation of section 893.135, Florida Statutes (1989), in exchange for the State’s promise to recommend a guideline sentence and to inform the court of substantial assistance if provided. The trial court sentenced appellee to ten years’ probation.
This court has previously held that the trial court must impose the mandatory minimum sentences and fines pursuant to section 893.135, Florida Statutes, unless substantial assistance is provided. Zimmerman v. State, 467 So.2d 1119 (Fla. 1st DCA 1985); see also State v. Maillis, 495 So.2d 817 (Fla. 2d DCA 1986); Sastre v. State, 487 So.2d 1137 (Fla. 3d DCA 1986); *963 State v. Gallagher, 573 So.2d 164 (Fla. 4th DCA 1991).
In the instant case, the State did not move to mitigate appellee’s sentence. On the contrary, the State vehemently opposed any mitigation in appellee’s sentence. Absent a representation by the State that appellee rendered substantia] assistance, the trial court may not mitigate appellee’s sentence. State v. Agerton, 523 So.2d 1241 (Fla. 5th DCA 1988), review denied, 531 So.2d 1352 (Fla.1988).
Accordingly, the judgment is affirmed, and the sentence is reversed and remanded with directions that the trial court impose the minimum mandatory term and the $50,-000 fine required by law.
BOOTH, SMITH and BARFIELD, JJ., concur.