# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2013

No. 12-20408
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASIEL TORRES-IBARRA, also known as Jasiel Torres, also known as Jasiel Torres Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-36-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jasiel Torres-Ibarra appeals the 48-month non-guidelines sentence imposed following his guilty plea conviction of illegal reentry. He argues that the district court improperly calculated his criminal history score by assigning four criminal history points to his December 2009 marijuana trafficking conviction pursuant to U.S.S.G. § 4A1.1(a) and (d) and that the sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). The "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks, ellipsis, and citation omitted).

Torres-Ibarra identifies two procedural errors. First, he contends, as he did in the district court, that it was error to assess three criminal history points, instead of one point, based on his December 2009 marijuana trafficking conviction due to the district court's determination that the offense resulted in a sentence of imprisonment exceeding one year and one day. § 4A1.1(a). The supporting documentation reflects that, as part of the sentence, Torres-Ibarra was sentenced to a three-year mandatory minimum term of imprisonment. *See* FLA. STAT. ANN. § 893.135(a)(1); *State v. Houston*, 605 So. 2d 962, 963 (Fla. Dist. Ct. App. 1992). However, the plea agreement at least suggests that no minimum sentence was contemplated by the parties. We need not resolve this question because even if the district court erred by adding the two additional points, any error was harmless because the district court implicitly considered the guidelines range that would have applied had it erred in calculating the criminal history category and stated that it would impose the same sentence even if Torres-Ibarra's criminal history category was III instead of IV. *See United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008); *see also United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

Torres-Ibarra failed to preserve his second argument of procedural error, i.e., that he should not have been assigned two additional criminal history points pursuant to § 4A1.1(d) because he was not under a criminal justice sentence at the time of the instant offense. Our review of this claim is therefore for plain

error. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 229 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court erred by assessing two points pursuant to § 4A1.1(d), Torres-Ibarra is not entitled to relief. Taking his two procedural error arguments together, Torres-Ibarra complains that the district court erred by adding a total of four criminal history points to his criminal history score, making his criminal history score an eight when it should have been four. A criminal history score of four would have resulted in a criminal history category III. The district court considered the possibility that Torres-Ibarra's correct criminal history category might have been III, albeit not for all of the reasons Torres-Ibarra now asserts. Nevertheless, relying on the 18 U.S.C. § 3553(a) factors, the district court specifically determined that a non-guidelines sentence was appropriate and stated that the court would impose the same 48-month sentence regardless of whether Torres-Ibarra's applicable guidelines range was based on a criminal history category III or IV. In light of the foregoing, Torres-Ibarra has not shown that any procedural error was harmful, much less that it affected his substantial rights. *See id.*

As to Torres-Ibarra's challenge to the substantive reasonableness of his sentence, we review for an abuse of discretion. *See Gall*, 552 U.S. at 51. A non-guidelines sentence is unreasonable if it (1) fails to take into account a factor that should receive significant weight, "(2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotations and citations omitted). In reviewing the substantive reasonableness of a sentence, this court considers the totality of the

circumstances, including the extent of the variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Furthermore, this court gives due deference to the district court's determination that the § 3553(a) factors support a non-guidelines sentence. *Id.*

The district court relied upon several factors in selecting the sentence, including the following: (1) that under Eleventh Circuit law, Torres-Ibarra's December 2009 marijuana trafficking conviction would have resulted in a 16-level increase to his offense level but, under Fifth Circuit law, the conviction resulted in only a four-level increase; (2) that Torres-Ibarra was treated with "extreme leniency" after his Florida conviction, but chose to return to the United States; and (3) that upon his return to the United States, he was immediately arrested and convicted for possession of 125 pounds of marijuana.

The district court did not abuse its discretion by considering the way Torres-Ibarra's December 2009 marijuana trafficking conviction was treated in this circuit and in the Eleventh Circuit. *See United States v. Lopez-Salas*, 513 F.3d 174, 180-81 (5th Cir. 2008). The remaining factors considered by the district court in setting Torres-Ibarra's sentence were all relevant, proper factors under § 3553(a), namely: the nature and circumstances of the offense; Torres-Ibarra's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes by Torres-Ibarra. Furthermore, the extent of the variance is reasonable given that this court has affirmed substantial variances in other cases. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805-07 (5th Cir. 2008); *see also Brantley*, 537 F.3d at 348-50; *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Accordingly, the judgment is AFFIRMED.