United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30132
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTINO C. ELLIS, also known as
Santino Christopher Ellis,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50070-2

-------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Santino Ellis appeals from a 96-month sentence on his guilty plea conviction for possession of a firearm by a convicted felon. Ellis argues that the 69-month upward departure was plainly unreasonable based upon the district court's consideration of a prior arrest, employment and familial factors, and other criminal conduct. We need not decide whether Ellis's sentence was a guidelines or a non-guidelines sentence because, in either case,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence was not plainly unreasonable. See United States v. Jones, 444 F.3d 430, 441 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

The district court did err in considering the drive-by shooting incident to the extent it was considered only as a prior arrest. See Jones, 444 F.3d at 434 and n. 6. However, Ellis cannot demonstrate that but for this error he would not have received an upward departure. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). 402 F.3d at 520. The record reflects in both the sentencing transcript and in the written statement of reasons that the district court issued the upward departure based upon Ellis's extensive criminal history which was underrepresented by his criminal history score. See § 4A1.3. The court articulated Ellis's misdemeanor convictions for illegally carrying a weapon, five prior convictions for drug-related charges, lack of employment history, and a pending felony charge as reasons for its upward departure.

With respect to the district court's consideration of employment and familial factors, the sentencing transcript and statement of facts reflect that these factors were included as part of the court's consideration of the underrepresentation of Ellis's criminal history. With respect to the court's consideration of other pending charges, Ellis cannot demonstrate

plain error as the court is permitted to consider this factor as a basis for upward departure pursuant to § 4A1.3(a)(2)(D).

With respect to the extent of the upward departure, the district court's sentence was not unreasonable. The district court's 96-month sentence was 69 months more than the top of the advisory guidelines range but well below the 10-year statutory maximum for the offense. In light of the evidence before the district court and the court's articulation of its reasons for protecting the public and deterring future criminal act, which are consistent with 18 U.S.C. § 3553(a), the sentence is not unreasonable. U.S. v. Reinhart, 442 F.3d 857, 864 (5th Cir.), petition for cert. filed (June 5, 2006) (no. 05-11431).

Ellis argues that the district court erred in failing to provide him notice of the court's intent to depart upward from the recommended guideline range. Because Ellis failed to object to this issue, we review the issue for plain error. See Jones, 444 F.3d at 443. Ellis cannot demonstrate plain error with respect to this issue because he has not demonstrated that, with adequate notice, he could have swayed the district court not to depart upward. See id.

AFFIRMED.