# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-30384
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGEY TOROPKIN,

Defendant-Appellant

Cons. w/No. 12-30388

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KRISTINA RUCHKINA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-220-3
USDC No. 2:11-CR-220-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

No. 12-30384
c/w No. 12-30388

PER CURIAM:[*]

Sergey Toropkin and Kristina Ruchkina appeal the sentences imposed following their guilty plea convictions for conspiring to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1344(2).

Ruchkina contends that her above-guidelines sentence is substantively unreasonable because it was based on the potential impact of the offense conduct on the corporate victim and the district court's belief that restitution would never be made. The parties have advised the court that Ruchkina has completed her term of imprisonment and has been removed to Russia. For that reason, her appeal is moot. *See United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007).

Toropkin contends that his above-guidelines sentence is procedurally unreasonable because the district court failed to meaningfully consider the 18 U.S.C. § 3553(a) factors and provide sufficient justification for the chosen sentence. Because he failed to object on these grounds in the district court, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The sentencing record reflects that the district court considered the § 3553(a) factors and sufficiently articulated its reasons for imposing the above-guidelines sentence. Although the district court did not list the relevant § 3553(a) factors at sentencing, the court explicitly stated that it had considered those factors in determining the particular sentence to be imposed. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (holding that a checklist recitation of the § 3553(a) factors is neither necessary nor sufficient for a non-guidelines sentence to be reasonable). The district court noted that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30384
c/w No. 12-30388

Toropkin was subject to a statutory maximum of five years of imprisonment and a guidelines imprisonment range of zero to six months. The district court heard the parties' recommendations that he be sentenced within the guidelines range with credit for time served. The district court also heard counsel's arguments in mitigation of punishment, including that Toropkin had no criminal record in the United States or Russia, that he was one year away from graduating from college, that he was very sorry for his actions, and that he had cooperated with the Government. Despite Toropkin's youth, lack of criminal history, and minor role in the larger conspiracy, the district court determined that he was a necessary player, that he took advantage of the opportunities afforded to him by the United States and its citizens, that restitution would likely never be made, and that a sentence to time served would amount to a "free ticket home." The district court also adopted the sentiments expressed by the owner of the corporate victim, including the impact of Toropkin's actions on the company and the need to send a strong message of deterrence. Because the district court considered the § 3553(a) factors and sufficiently articulated its reasons for imposing the above-guidelines sentence, Toropkin has shown no error, plain or otherwise. *See United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).

Toropkin also contends his above-guidelines sentence is substantively unreasonable because (1) the sentence failed to account for the nature and circumstances of the offense, his history and characteristics, and the applicable guidelines range; (2) the district court improperly considered his inability to pay restitution as an aggravating factor warranting an upward variance; and (3) the sentence represented a clear error of judgment in balancing the sentencing factors. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Id.* at 475.

The sentencing record reflects that the district court considered the applicable guidelines range as well as Toropkin's youth, lack of criminal history, minor role in the larger conspiracy, remorse, and cooperation with the Government.   The district court made an individualized assessment and concluded that despite the parties' recommendations, a sentence within the guidelines range with credit for time served was not appropriate.  After taking into account the Sentencing Guidelines, the seriousness of Toropkin's actions, his lack of criminal history, and the other § 3553(a) factors, the district court sentenced him to two years of imprisonment.  Although Toropkin notes that the corporate victim's loss was taken into account by the Guidelines, the district court was not precluded from considering factors already incorporated into the guidelines calculation. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).  Further, although district courts may not take into account a defendant's socio-economic status when imposing sentence, *United States v. Humphrey*, 104 F.3d 65, 71 (5th Cir. 1997); U.S.S.G. § 5H1.10, the sentencing record does not reflect that the district court sentenced Toropkin to a longer term of imprisonment because he owed restitution that he could not afford to pay. Instead, the sentencing record reflects that the district court's focus was on the corporate victim's ability to collect the restitution once Toropkin is removed to Russia.

Our examination of the record and of the totality of the circumstances satisfies us that the district court properly relied on the § 3553(a) factors in deciding to impose an upward variance and in determining the extent of that variance. *See Brantley*, 537 F.3d at 349.  Toropkin has therefore failed to show that his sentence is substantively unreasonable.

Accordingly, with regard to Case No. 12-30384, the judgment of the district court is AFFIRMED, and with regard to Case No. 12-30388, the appeal is DISMISSED AS MOOT.