**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2013

No. 12-40893

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BLAS CRUZ URBINA, also known as Blas Cruz, also known as Bla Cruz, also known as Francisco U. Cruz,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-236-1

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Blas Cruz Urbina (Cruz) appeals the 60-month sentence imposed following his guilty-plea conviction for attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He contends his sentence above the advisory Sentencing Guidelines range of eight to 14 months was both procedurally and substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *See, e.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Along that line, because Cruz did not preserve his objection that the court erred procedurally by basing his sentence on claimed erroneous factual findings, inferences, and speculation, the objection is reviewed only for plain error.  Under that standard of review, Cruz must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

In plain-error review, "questions of fact capable of resolution by the district court can never constitute plain error".  *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (citation and internal quotation marks omitted).  Accordingly, Cruz' challenges to the factual findings and inferences by the court, not objected to at sentencing, cannot constitute plain error.  *See id.*

Even assuming *arguendo* the court's findings and inferences merit analysis, there was no reversible plain error.  The court was within its wide discretion in rejecting Cruz' assertions he was supportive of his wife and family, *see United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir.), *cert. denied*, 133 S. Ct. 247 (2012), and its inference Cruz' family may not want to have contact with him was plausible in the light of the record as a whole.  *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  Finally, given the court's stated concerns regarding the seriousness of Cruz' prior unscored convictions, the light sentences he received for his previous crimes, repeated reentry into the

United States following prior deportations, and recent convictions for theft and driving while intoxicated (DWI), there is nothing in the record to suggest, absent the court's erroneous determination his prior Texas DWI offense constituted a crime of violence, *see United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001) (holding Texas felony DWI is not a crime of violence), that he would have received a lesser sentence. *See Puckett,* 556 U.S. at 135; *cf. United States v. Chandler*, __ F.3d __, 2013 WL 5508139, at *4 (5th Cir. 4 Oct. 2013) (vacating and remanding 127-month variance where "we [could not] confidently say that the district court would have imposed the same sentence without reliance on [an improper] factor") (citations and internal quotation marks omitted).

We need not consider the propriety of the sentence as an upward departure, pursuant to Guideline § 4A1.3, because the sentence may be affirmed on the  court's alternate basis as an upward variance justified by the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Bonilla*, 524 F.3d 647, 656-59 (5th Cir. 2008).  On that point, Cruz maintains the court erred procedurally by failing to adequately explain the extent of the variance.  In the light of this record, the court relied on proper factors and provided a sufficient explanation for the extent of the variance. *See United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006).  In stating its reasons for a non-Guidelines sentence, the court noted the need to afford adequate deterrence and to promote respect for the law, and considered Cruz' history and characteristics.

Cruz also contends the sentence was substantively unreasonable given the above-noted, alleged procedural errors and because the court allegedly failed to give appropriate mitigating weight to his alcohol addiction, his family-related reasons for repeatedly returning to the United States, and his need for alcohol rehabilitation.  He further asserts the court exaggerated the seriousness of his theft and DWI convictions and the likelihood of recidivism based upon his three prior deportations.

The sentence is substantively reasonable.  The court tied the above-noted reasons for it to specific facts and particular § 3553(a) factors sufficient to justify the variance.  *See Gall*, 552 U.S. at 49-53.  Although significant, it was not unreasonable.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *see also United States v. Saldana*, 427 F.3d 298, 315-16 (5th Cir. 2005) (affirming upward departure six times maximum advisory Guidelines range where court stated valid reasons for doing so).

AFFIRMED.