# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 13-30695
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS D. BRUMFIELD,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-194-1

—————

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcus D. Brumfield appeals the sentence for his conviction for distribution of five grams or more of methamphetamine. The district court varied upward from the guidelines range of 60 to 71 months to 100 months of imprisonment and five years of supervised release. Brumfield contends that his 100-month sentence is substantively unreasonable because the primary reason for the upward variance was the district court's perception that his prior

—————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drive-by-shooting sentence was lenient, which he argues the district court based on inherently unreliable information.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, we will review Brumfield's claim of error for plain error because his general objection to the sentence was not "sufficiently specific to alert the district court to the nature" of the error he now asserts and did not provide the district court an opportunity to correct the error. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To show plain error, Brumfield must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

In reviewing the substantive reasonableness of a sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

At sentencing, the district court described the three-year suspended sentence for accessory after the fact to a drive-by-shooting as "lenient." The record does not support Brumfield's assertion that the district court believed

No. 13-30695

the prior sentence was lenient because he was actually guilty of a more serious charge since the district court made no explicit statement to this effect. It was not improper for the district court to consider the leniency of Brumfield's prior sentence. *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). Moreover, the record does not support Brumfield's assertion that the district court's perception that his prior sentence was lenient was the primary reason for the upward variance. The district court did not make any explicit statement to this effect and mentioned the leniency of the prior sentence once. The district court cited the § 3553(a) factors and articulated several other compelling reasons for imposing an upward variance, including Brumfield's criminal history in light of his age, his poor performance on probation, the seriousness of the instant offense, the likelihood that he would commit further crimes, and the need to protect the public from further crimes. Rather than focusing on any particular prior offense or sentence, the district court was particularly troubled by the persistency of Brumfield's criminal conduct.

The extent of the variance, 29 months above the guidelines maximum of 71 months, is within the range of variances we have upheld. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's reasons for its sentencing decision, Brumfield has not demonstrated that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45. Accordingly, the district court did not plainly err or abuse its discretion.

The judgment of the district court is AFFIRMED.