# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10149

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ENRIQUE BELTRAN-CERVANTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-211-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Beltran-Cervantes pleaded guilty to illegal reentry following deportation. The Guidelines range for his offense was 10 to 16 months. Rather than impose a sentence within that advisory range, the district court sentenced Beltran to 72 months in prison.

In explaining why it imposed the above-Guidelines sentence, the district court cited a number of the sentencing factors that Congress directed federal judges to consider, including the history and characteristics of the defendant,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nature and circumstances of the offense, and need to protect the public from further crimes. 18 U.S.C. § 3553. In explaining why it believed those factors supported a significant upward variance, the court cited Beltran's "very violent criminal past," his gang membership, and his two prior illegal reentries into the United States. In terms of Beltran's history of violence, the court discussed the details of Beltran's juvenile conviction for a violent assault. It then noted that he also had an assault conviction as an adult for punching the father of his girlfriend in the face and then pulling a knife on the father and trying to cut him when the father tried calling the police. Beltran received no criminal history points for the assault convictions. The same was true for a harassment conviction based on Beltran's threatening to kill his girlfriend. Beltran also received no criminal history points for a contempt of court conviction. The court noted the failure of the Guidelines to account for those convictions (either because they were too old or the sentence was too brief). The court also cited a separate contempt conviction for which Beltran did receive criminal history points, as well as two other convictions also included in the criminal history scoring: marijuana possession and a prior illegal reentry. The court further noted that while incarcerated for that federal reentry felony, Beltran violated three prison rules. The infractions were for possession of homemade intoxicants, insolence to a staff member, and assault without serious injury. These disciplinary violations occurred while Beltran was serving a 24-month sentence for his first illegal reentry offense. That earlier sentence was itself an upward variance, a factor the district court mentioned three times in explaining the need for another upward variance that would prevent Beltran from committing additional crimes. Finally, the court noted that the prior immigration conviction involved not just Beltran's unlawful presence in the

United States, but his lying to an immigration officer and presenting false papers.

Beltran acknowledges that the district court provided reasons for its variance, but argues those do not justify the extent of the variance that resulted in a 72-month sentence that was more than four times greater than the top of the advisory Guidelines range. He also contends that many of the considerations the district court cited to explain the sentence were already taken into account by the criminal history section of the Guidelines.

In assessing whether a district court abused its discretion in imposing a non-Guidelines sentence, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). As Beltran emphasizes, a "major deviation from the Guidelines range requires a greater justification than a minor one." *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); *see also United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (explaining that the "farther a sentence varies from the applicable Guidelines sentence, 'the more compelling the justification based on factors in section 3553(a)' must be" (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005))). Even with substantial variances, however, we give considerable "deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (quoting *Gall v. United States* 552 U.S. 38, 51 (2007)).

We have affirmed sentences in which the extent of the upward variance was similar to, even if slightly less than, the one the imposed here. *See, e.g., United States v. Urbina*, 542 F. App'x 398, 399 (5th Cir. 2013) (affirming a 60-month sentence, when the high end of the Guidelines range was 14 months); *United States v. Toropkin*, 517 F. App'x 243, 245–46 (5th Cir. 2013) (affirming

a 24-month sentence when the high end of the Guidelines was six months); *Brantley*, 537 F.3d at 349–50 (affirming a 180-month sentence when the high end of the Guidelines range was 51 months); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007) (affirming a 120-month sentence when the high end of the Guidelines range was 27 months); *United States v. Ellis*, 206 F. App'x 325, 327 (5th Cir. 2006) (affirming a 96-month sentence when the high end of the Guidelines range was 27 months). And there is at least one case in which we affirmed a substantially greater variance. *United States v. Hebert*, 813 F.3d 551, 561–63 (5th Cir. 2015) (affirming a 92-year sentence when the high end of the Guidelines was 7 years).

Those cases demonstrate that even with a substantial variance, the ultimate question in a challenge to the substantive reasonableness of a sentence is whether the district court articulated "individualized, case-specific reasons" that justified the higher sentence. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (quoting *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011)). It did so here. The district court extensively discussed not just the number of Beltran's prior convictions, but the often violent conduct that gave rise to them. It also focused on the various ways in which Beltran flouted the criminal justice system: he sustained two convictions for contempt, lied and presented fake documents to immigration officers, and committed three infractions while in federal custody. Finally, and seemingly of greatest significance to the district court, the above-Guidelines sentence for Beltran's first illegal reentry conviction failed to "convince the Defendant not to continue to violate the law." It was not unreasonable to conclude that a greater variance was needed the second time around to provide the deterrence that the first sentence did not achieve.

4

No. 16-10149

We also reject both the factual and legal premise of Beltran's argument that the district court impermissibly based the variance on his criminal history that was already accounted for in the Guidelines. In explaining the reasons for its variance, the district court relied on much besides the convictions that received criminal history points. It cited convictions that did not receive criminal history points, violations of prison rules, and the failure of the prior illegal reentry sentence to deter Beltran. In any event, a "district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence." *Brantley*, 537 F.3d at 350; *see also United States Williams*, 517 F.3d 801, 809 (5th Cir. 2008) ("The Supreme Court's decision in *Booker* implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory.").

The district court did not abuse its discretion in sentencing Beltran to 72 months in prison. Its judgment is AFFIRMED.