# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11714
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KYLE ROBERT MIETH, also known as "K-Wood",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-120-2

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Kyle Robert Mieth appeals his 220-month, above-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. For the first time on appeal, he argues that the district court erred by (1) referencing his prior criminal offenses, including those not resulting in a conviction, when imposing an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward variance and (2) failing to address specifically the mitigating factors offered by Mieth and instead focusing solely on his criminal history.

In reviewing a sentence for reasonableness, we first examine whether the district court committed any significant procedural error, including "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). In considering the procedural unreasonableness of a sentence, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, because Mieth did not preserve his appellate arguments, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The sentencing court explicitly stated that it was considering the mitigating factors set forth in Mieth's objection to the presentence report, and that consideration was reflected in the mental health aspects of the imposed sentence. The district court properly considered Mieth's prior criminal conduct and the leniency of his prior sentences when determining the propriety of an upward variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Brumfield*, 558 F. App'x 489, 490 (5th Cir. 2014) (relying on *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004)). Mieth has failed to show any error, plain or otherwise.

The judgment of the district court is AFFIRMED.