# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

NELSON JAVIER MELGAR-RAMOS, also known as Nelson Melgar Ramos, also known as Nelson Javier Melgar Ramos, also known as Nelson Melgar,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-377-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Nelson Melgar-Ramos pleaded guilty to illegal reentry. The Presentence Report, using the 2014 version of the Sentencing Guidelines which covers the period when Melgar-Ramos committed the immigration offense, calculated a total offense level of 10 and criminal history category of IV. That resulted in an advisory range of 15-21 months' imprisonment. The PSR noted that an upward departure might be warranted due to underrepresented criminal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20162

history because this was Melgar-Ramos's fourth felony and he had a prior encounter with immigration authorities that did not receive any criminal history points.

At the hearing, the district court imposed an upward variance of 36 months. As justification for that decision, the court identified the defendant's "grossly understated" criminal history. It then chronicled all of those prior offenses, which include child endangerment, twice driving with a revoked license, twice possessing cocaine, driving while intoxicated, and injury to a child. The court noted details of the recent injury to a child offense, which involved Melgar-Ramos on two separate occasions putting his hand inside the shirt of a sleeping 11-year-old female who was spending the night with his children. The district court also detailed how little time Melgar-Ramos had spent in custody for these crimes. It ended the recitation of criminal history by noting "other criminal conduct, of course, was that illegal reentry, of which no [criminal history] points were assessed." The court also observed that a "criminal history category of not less than V is more representative of this defendant."

Melgar-Ramos alleges numerous errors that he contends render the sentence substantively unreasonable. His first focuses on that last comment about criminal history category V, pointing out that elevating his score to that level would have only resulted in a range of 21 to 27 months, below the sentence imposed. This ignores, however, that the court noted a category "of *not less than* V." More fundamentally, the district court made clear that it was imposing a variance rather than a departure under the Guidelines. *See generally United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (explaining the difference between a variance and Guidelines departure). A variance need not be tied to a particular Guidelines range; what matters is whether the district court reasonably considered the statutory sentencing

2

factors of 18 U.S.C. § 3553 in arriving at a sentence that is sufficient, but not more than necessary, to further those interests. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).  The district court did that here, noting in its Statement of Reasons that the sentence was necessary to account for the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public.  18 U.S.C. § 3553.  And the degree of the variance at 70% above the top of the advisory Guidelines range, though significant, is less than many others we have upheld.   *See United States v. Beltran-Cervantes*, No. 16-10149, -- F. App'x --, 2017 WL 4641260, at *2 (5th Cir. Oct. 16, 2017) (citing a number of cases rejecting challenges to variances, including some that imposed sentences that were 300% or 400% higher than the top of the Guidelines range).

Melgar-Ramos next argues that the district court erred in noting that he now had four *felony* convictions when justifying the upward variance.  The Guidelines, he notes, look at the length of a sentence rather than its felony classification in assessing criminal history points.  This again misses that the choices reflected in Guidelines scoring do not limit what a court may consider in imposing a variance.  *See, e.g., United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007) (allowing court to consider "dangerous uncharged conduct" when sentencing above the advisory range).  The lodestar for the exercise of a court's *Booker* discretion is the statutory sentencing factors, and the district court did not abuse its discretion in finding the number of felonies, and the lenient sentences imposed for them, relevant to that section 3553 analysis.  *See United States v. Brumfield*, 558 F. App'x 489, 490 (5th Cir. 2014).

The next alleged error is a comment made early in the sentencing hearing, during defense counsel's argument seeking a low end sentence of 15, when the court noted that under the 2016 Guidelines the defendant would be facing a more substantial range with a low end of 37 months.  This, Melgar-

No. 17-20162

Ramos contends, amounts to a violation of the Ex Post Facto Clause or, at a minimum, demonstrates that the court used an impermissible factor in deciding the sentence. But the district court clearly treated the 2014 Guidelines as governing and considered its 15 to 21 months range. The district court did not mention the 2016 Guidelines when announcing the reasons for the sentence. The record thus does not demonstrate that the court gave improper weight to a Guidelines range not in effect.

Lastly, Melgar-Ramos argues that the district court made a mistake in characterizing his earlier uncharged immigration offense as an "illegal reentry." Instead, as the government concedes, Melgar-Ramos was only liable for illegal entry (which is a misdemeanor) because he had not previously been deported. The PSR had labeled this "other criminal conduct" as both an illegal entry and illegal reentry, but defense counsel never objected in the district court to the later characterization. As recited above, at the end of its lengthy recitation of the defendant's criminal history that supported the variance, the district court noted that no criminal history points had been assigned for the uncharged "illegal reentry" offense. It was permissible to consider this uncharged offense which was supported by unrebutted ICE records. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). As for erroneously referring to it as a "reentry," our review of the record convinces us that the distinction between illegal entry and reentry did not impact the district court's decision. The district court emphasized the defendant's lengthy criminal history and the leniency he had received which had not deterred future misconduct. Melgar-Ramos's unlawful presence in the United States was one of many examples of that trend whether it constituted a misdemeanor or felony offense. We are not convinced that referring to it as a "reentry" amounted to the impermissible weighing of the sentencing factors or consideration of an impermissible factor.

4

No. 17-20162

AFFIRMED.