**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2011

Lyle W. Cayce
Clerk

No. 10-50406
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO VASQUEZ-TOVAR, also known as Alberto Looney Quitana,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3121-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alberto Vasquez-Tovar appeals the 70-month sentence that was imposed after he pleaded guilty to illegally reentering the United States following removal, in violation of 8 U.S.C. § 1326.

The Government concedes that the district court improperly applied a 16-level crime of violence enhancement to Vasquez-Tovar's guidelines base offense level. *See United States v. Andino-Ortega*, 608 F.3d 305, 311 (5th Cir. 2010). The Government contends, however, that we need not vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vasquez-Tovar's sentence because any error in calculating Vasquez-Tovar's alternative non-guidelines sentence is harmless. Specifically, the Government points to the district court's statements that "the [70-87-month] range is reasonable" and that it would "entertain that range, even if the enhancement was eight levels or 12 levels" or "just a straightforward level enhancement." Relying on this circuit's decision in *United States v. Bonilla*, 524 F.3d 647, 655-56 (5th Cir. 2008), the Government argues that the district court's comments establish that Vasquez-Tovar's sentence was not affected by the guidelines error. We reject the Government's argument for two reasons.

First, this court has observed that an error is harmless under *Bonilla* only when "the district court: (1) contemplated the correct [g]uideline[s] range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied." *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008). Here, the record does not demonstrate that the district court considered the guidelines range that would have applied to Vasquez-Tovar absent the 16-level enhancement.

Second, although we recently recognized in *United States v. Ibarra-Luna* that an error can be harmless even if the district court did not consider the correct guidelines range in its analysis, such an error is harmless only if two requirements are met: (1) "the [G]overnment must convincingly demonstrate that the district court would have imposed a sentence outside the correct [g]uidelines range for the same reasons it gave for imposing a sentence outside the miscalculated [g]uidelines range," and (2) the Government "must show that the . . . sentence the district court imposed was not influenced in any way by the erroneous [g]uidelines calculation." *United States v. Ibarra-Luna*, 628 F.3d 712, 718-19 (5th Cir. 2010). While the Government has arguably satisfied *Ibarra-Luna*'s first requirement, our analysis ends with the second requirement. As in *Ibarra-Luna*, the district court never explained how it selected 70 months of imprisonment, as opposed to some other length of time within the guidelines

range that it considered.  Additionally, the district court imposed a sentence at the bottom of the guidelines range that resulted from the 16-level enhancement, which suggests that the guidelines error did affect the sentence in some way.

Under the present circumstances, we cannot conclude that the district court was not influenced in any way by the guidelines range that it considered. We thus cannot say that the Government has met the burden of demonstrating that the district court "would have imposed the very same sentence if it had not made an erroneous calculation." *Ibarra-Luna*, 628 F.3d at 719.

For the aforementioned reasons, we VACATE Vasquez-Tovar's sentence and REMAND for resentencing consistent with this opinion.  By failing to provide any legal citation or analysis in support of his request that a different district judge resentence him, Vasquez-Tovar has waived that issue. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003).