**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2012

Lyle W. Cayce
Clerk

No. 11-50666

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBERTO VASQUEZ-TOVAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
3:09-CR-3121-1

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant Alberto Vasquez-Tovar appeals his sentence which was imposed after remand from a prior appeal. Before the district court, Vasquz pleaded guilty to illegal reentry into the United States following removal and was sentenced to 70 months of imprisonment (the low end of the applicable guidelines range) and three years of non-reporting supervised release.

On appeal, this court determined that the district court erred in applying a 16-level enhancement based on Vasquez's prior conviction for a crime of violence, namely the Texas felony offense of injury to a child with intentional bodily injury. *United States v. Vasquez-Tovar,* 420 F. App'x 383, 383 (5th Cir. 2011). Additionally, this court determined that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50666

Government had not met its burden of proving that any error was harmless. *Vasquez-Tovar,* 420 F. App'x at 383-84. Accordingly, this court vacated the sentence and remanded the matter for resentencing. *Id.* at 384.

On remand, the district court again sentenced Vasquez to 70 months of imprisonment and three years of non-reporting supervised release. Following the resentencing hearing and oral pronouncement of sentence, however, the district court failed to issue a written judgment. Rule 32(k)(1) of the Federal Rules of Criminal Procedure requires "the judgment of conviction" to set forth, inter alia, the sentence; it also requires that the district judge sign the judgment and that the clerk enter it. *See also* FED. R. APP. P. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal in a criminal case must be filed within 14 days of "the entry of either the judgment or the order being appealed").

Due to the lack of a written judgment imposing sentence entered after remand, we lack jurisdiction to decide this appeal. In the interest of judicial economy, the case is remanded to the district court for the limited purposed of entering a written judgment showing the post-remand sentence imposed. This court will retain jurisdiction over the appeal. When the judgment is entered, the clerk of the district court will transmit it to the clerk of this court who will advise the panel that it has been received the judgment so this appeal can proceed.[1]

REMANDED.

---

[1] Under Federal Rule of Appellate Procedure 4(b)(2), the defendant's notice of appeal "filed after the court announces a decision, or order – but before entry of the judgment or order – is treated as filed on the date of and after the entry." Accordingly, the previously filed notice of appeal is sufficient.