# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

Lyle W. Cayce
Clerk

No. 11-50666

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBERTO VASQUEZ-TOVAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
(09-CR-3121)

Before DAVIS, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant Alberto Vasquez-Tovar ("Vasquez") appeals the reasonableness of his sentence imposed on remand from a prior appeal. Finding no abuse of discretion, we AFFIRM.

## I.

Vasquez pleaded guilty to illegal reentry into the United States following removal and was initially sentenced to 70 months of imprisonment and 3 years of non-reporting supervised release. Based on total offense level 21, criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50666

history category V, and using a 16-level enhancement, the guidelines range was 70 to 87 months.

On appeal, this court determined that the district court erred in applying a 16-level enhancement and that the Government had not met its burden of proving that such error was harmless. *United States v. Vasquez-Tovar*, 420 F. App'x 383, 383-84 (5th Cir. 2011). This court vacated the sentence and remanded the matter for resentencing. *Id.* at 384.

On remand, the district court recalculated the sentencing guidelines range based on total offense level 10 and criminal history category V. The guidelines range was 21 to 27 months. The district court again sentenced Vasquez to 70 months of imprisonment and 3 years of non-reporting supervised release. Vasquez appeals his above-guidelines sentence.

II.

Vasquez argues that his above-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Review of sentencing decisions by this court is limited to determining whether such decisions are "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007). In its review, this court undertakes a two-step process. First, this court determines if the district court committed any significant procedural error. *Id.* at 51. A procedural error occurs if, for example, the district court does not correctly calculate the Guidelines range, fails to consider the § 3553(a) factors, or fails to explain the decision. *United States v. Rhine*, 637 F.3d 525, 528 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012). If no such error has been committed, this court then considers the substantive reasonableness of the sentence under an abuse-of-discretion standard, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 528 (quoting *Gall*, 552 U.S. at 51).

No. 11-50666

When a district court imposes an above-guidelines sentence, we must determine whether the sentence "unreasonably fails to reflect" the § 3553(a) factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). An above-guidelines range sentence "unreasonably fails to reflect" the § 3553(a) factors when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708.

Vasquez first argues that the district court, in reissuing the same sentence as it had imposed before, failed to consider and give weight to the deterrent effect of his 20 months spent in prison awaiting sentencing and resentencing. Vasquez further contends that the district court failed to take into account his newfound sobriety.

The record reflects that the district court listened to Vasquez's arguments, but was unpersuaded. Rather, the district court emphasized Vasquez's problematic "pattern of conduct" which was evidenced by his multiple convictions for assault type crimes. Vasquez's arguments reflect nothing more than a disagreement as to the weight given by the district court regarding the various sentencing factors. As such, they do not show an abuse of discretion and are thus insufficient to warrant reversal. *See Gall*, 552 U.S. at 51 (explaining that appellate courts are not to reweigh the sentencing factors); *see also United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir.) (reviewing of an above-guidelines sentence and explaining that a district court does not err in weighing some factors more heavily than others), *cert. denied*, 131 S. Ct. 3006 (2011).

Furthermore, Vasquez's argument that a shorter sentence would have been sufficient to account for his criminal history as well as the need for criminal deterrence does not show that his above-guidelines sentence was unreasonable.

3

No. 11-50666

Although this court may consider the extent of the variance between the guidelines and the imposed sentence, it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall,* 552 U.S. at 51. A determination by this court that a different sentence could have been appropriate is insufficient to warrant reversal. *Id.*

The record reflects that the district court issued an above-guidelines sentence based on the nature and circumstances of the offense and the history and characteristics of the defendant, as well as to adequately deter criminal conduct. These are valid considerations. *See* 18 U.S.C. § 3553(a).

## III.

Vasquez has not shown that the district court imposed an unreasonable sentence. Accordingly, the judgment of the district court is AFFIRMED.