# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10535

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AARON SEBASTIAN REDMOND,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Aaron Redmond robbed a bank by threatening a teller with his pistol, telling another to get on her knees, and demanding money from the drawers operated by both tellers. He then instructed two tellers to walk to an adjacent room, close the door, and count to 100 before coming out. Redmond pleaded guilty to bank robbery, and at sentencing, the district court imposed a four-level enhancement to Redmond's base offense level for an "abduction" during the robbery. *See* U.S.S.G. § 2B3.1(b)(4)(A). Redmond argues that (1) the district court erred in applying the enhancement because he did not "abduct" the tellers when he robbed the bank because he did not "accompany" them to the adjacent room, (2) the error was not harmless, and (3) his 180-month

No. 19-10535

sentence is substantively unreasonable.    For the following reasons, we AFFIRM.

## I.

Aaron Redmond entered Comercia Bank on February 14, 2017, told the teller "no alarms, no phones, no nothing," and displayed the butt of a pistol in the pocket of his sweatshirt.  He told another teller to get on her knees and demanded and received money from the drawers operated by both tellers.  He then told the tellers to walk to an adjacent room, close the door, and count to 100 before coming out.

Redmond was indicted for one count of bank robbery pursuant to 18 U.S.C. § 2113(a), and he pled guilty without a plea agreement.    The presentence report (PSR) noted that "[r]eliable FBI investigative material revealed the defendant engaged in three additional bank robberies" that were not grouped or considered as relevant conduct and described Redmond's pending charge of aggravated assault against his wife in which he beat and stabbed her.

Relevant to this appeal, the PSR included a four-level enhancement to Redmond's base offense level for an "abduction" during the robbery, under § 2B3.1(b)(4)(A) of the Guidelines.  Redmond objected to the enhancement, arguing that he did not abduct the tellers under the Guidelines' definition of "abduction" because he did not "accompany" them to the adjacent room.  The government urged a "flexible" interpretation of the Guidelines definition of "accompany," and argued that the close proximity of Redmond to the tellers and the adjacent room satisfied the accompaniment requirement.

The district court overruled Redmond's objection and denied defense counsel's motion for a downward variance, explaining that it believed Redmond should receive a sentence "significantly above the top of the advisory [G]uideline range," because Redmond "is a very violent person and his—the

2

community would be ill-served if he was back in the community in the near future or anytime in the next 10 to 15 years." The district court then varied upward from Redmond's Guideline range of 78 to 97 months and imposed a 180-month sentence of imprisonment. The court then stated:

> I might add, as far as the length of the sentence is concerned, the sentence would be the same as I've imposed, without regard to what ruling I might have made or should have made on the subject of abduction, the increase in level for the objection. I'm basing my decision as to the ruling that should be made on the factors the Court should consider in sentencing under 18 United States Code Section 3553(a) without regard to what the advisory [G]uideline range might be in this case.

## II.

Redmond argues that the district court erred in applying the abduction enhancement because he did not "accompany" the tellers to the adjacent room. We agree.

The relevant Guidelines provision requires a four-level increase "if any person was abducted to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(A). "Abducted," according to the Guidelines, "means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction." *Id.* § 1B1.1 cmt. n.1(A).

Black's Law Dictionary defines "accompany" as "[t]o go along with (another); to attend." *Accompany*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Accompany Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/accompany (defining "accompany" as "to go with as an associate or companion"); *Accompany Definition*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/view/Entry/1145?rskey=fY4jQe&result=1#eid (defining "accompany" as "[t]o go with (a person) as a companion, escort, or attendant"). The Supreme Court has analyzed 18 U.S.C. § 2113(e) to

determine whether an enhanced penalty "for anyone who 'forces any person to accompany him' in the course of committing or fleeing from a bank robbery" applied where a bank robber forced someone to move only a few feet within a home. *Whitfield v. United States*, 574 U.S. 265, 266 (2015). Though the Court was focused on the distance required for the statute to apply, it shed light on the meaning of "accompany" for our purposes, stating: "In 1934, just as today, to 'accompany' someone meant to 'go with' him." *Id.* at 267 (citing Oxford English Dictionary). The Court ultimately held "that a bank robber 'forces [a] person to accompany him,' for purposes of § 2113(e), when he forces that person *to go somewhere with him*, even if the movement occurs entirely within a single building or over a short distance." *Id.* at 269-70 (emphasis added); *see also id.* at 269 ("Even if . . . bank robbers always 'exert some control' over others, it does not follow that they always force others to *accompany* them somewhere— that is, to go somewhere *with* them." (emphasis in original)).

Considering the term's plain meaning and Supreme Court's interpretation in *Whitfield*, then, it is clear that to have "accompanied" the tellers, at the very least, Redmond must have been "with" them when they moved to the adjacent room. Though the Government emphasizes the short distance between Redmond and the tellers and the adjacent room, Redmond did not move "with" the tellers to the adjacent room, and he therefore did not "accompany" them there.[1]

---

[1] The Government focuses on our statement in *United States v. Smith* that "the forced movement of a bank employee from one room of a bank to another—so long as it is in aid of commission of the offense or to facilitate escape—is sufficient to support the [§ 2B3.1(b)(4)(A)] enhancement given the flexible approach we have adopted in this circuit." 822 F.3d 755, 764 (5th Cir. 2016) (alteration omitted). But in that case, along with the other cases relied on by the Government, the defendant indeed moved with the victim but argued that the "different location" requirement was not satisfied. *See id.* at 763-64 (defendant argued that the enhancement was inapplicable because he forcibly moved employees within the bank and not to "another location"); *United States v. Buck*, 847 F.3d 267, 276-77 (5th Cir. 2017) (defendant argued that moving victim employees from the front to the back of the T-Mobile stores during

No. 19-10535

Based on the foregoing, we conclude that the district court erred in applying the abduction enhancement because a victim was not forced to accompany Redmond to a different location. *See* U.S.S.G. §§ 1B1.1 cmt. n.1(A), 2B3.1(b)(4)(A).

## III.

While we agree with Redmond that the district court erred in applying the enhancement, no remand is required if the error was harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009). A procedural error is harmless if the error did not affect the district court's choice of sentence. *United States v. Halverson*, 897 F.3d 645, 652 (5th Cir. 2018). Where, as here, the district court did not consider the correct Guidelines range, the Government must "convincingly demonstrate[] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing" to establish harmlessness. *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010); *see also United States v. Hernandez-Montes*, 831 F.3d 284, 296 (5th Cir. 2016) ("The government must point to evidence in the record that convincingly demonstrates the district court would impose the *same* sentence for the *same* reasons."). We consider whether a district court's sentence was influenced by its Guidelines calculations or based on independent factors. *See Ibarra-Luna*, 628 F.3d at 719. "This is a heavy burden, and one that requires the proponent to point to evidence in the record that will convince

the robberies did not constitute abduction because they were not moved from one location to another); *United States v. Hawkins*, 87 F.3d 722, 726-28 (5th Cir. 1996) (defendant argued that victims were not abducted because they were not forced from one location to another, court disagreed and concluded that forcing victims to move 40 to 50 feet to a different area of the parking lot at gunpoint was sufficient); *United States v. Washington*, 500 F. App'x 279, 285 (5th Cir. 2012) (defendants argued that enhancement did not apply because victims were not removed from the building). In those cases, then, we had no occasion to consider the issue before us today—whether the defendant accompanied the victim.

the appellate court that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (cleaned up).  We conclude that the Government has made the required showing.

At the start of the sentencing hearing, the district court stated that it "tentatively concluded that the defendant should receive a sentence significantly above the top of the advisory guideline range" considering the § 3553(a) factors.  Importantly, the court made this statement before hearing argument or reaching any conclusions regarding the appropriate Guidelines calculation.    After hearing arguments from counsel on whether the enhancement applied and a statement from Redmond, the court calculated the Guideline range it thought was applicable and stated it was "still of the belief and of the opinion that there should be a sentence significantly above the top of the advisory guideline range."  These statements, taken together, indicate "that the district court had a particular sentence in mind and would have imposed it, notwithstanding the [Guidelines calculation] error." *Richardson*, 676 F.3d at 511 (quoting *Ibarra-Luna*, 628 F.3d at 718).

Moreover, the district court explicitly stated that "the sentence would be the same as I've imposed, without regard to what ruling I might have made or should have made on the subject of [the] abduction [enhancement]" and that it was selecting the sentence "without regard to what the advisory [G]uideline range might be in this case."  While "it is not enough for the district court to say the same sentence would have been imposed but for the error," *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017), here, the evidence supports the district court's assertion, as it is clear that the court's 180-month sentence was uninfluenced the improperly calculated range of 78 to 97 months. *Cf. Ibarra-Luna*, 628 F.3d at 719 (holding that Guidelines calculation error was not harmless where "compared to the 12-to-18-month range the court did

consider, the 36-month sentence it imposed is exactly double the Guidelines maximum and exactly triple the Guidelines minimum.").

Unlike in the cases cited by Redmond, it is clear from the sentencing transcript that the court's sentence was based on "independent factors," *Ibarra-Luna*, 628 F.3d at 719, particularly Redmond's previous conviction and his pending Texas charge of aggravated assault of a family member with a weapon, where he "stabbed [his wife] in the neck and punched her repeatedly in the arms and legs." After recounting the stabbing incident in detail, the court explained that "[t]he defendant is a danger to the community and will continue to be a danger to the community." The court concluded: "When I consider all of the factors the Court should consider under 18 [U.S.C. §] 3553(a) in sentencing, the Court's concluded that a sentence—the defendant should receive a sentence of 180 months imprisonment. That's probably not enough, but that's what I've concluded is appropriate." Based on the transcript, it is clear that the district court would have imposed the same above-Guidelines, 180-month sentence even absent the Guidelines calculation error and would have done so for the same reasons.

In asserting that the district court's error is not harmless, Redmond cites to several cases where this court has remanded for resentencing based on a Guidelines error, and, though the district court stated at the original sentencing that the sentence would be the same regardless of any error, the district court imposed a different sentence on remand. For example, in *United States v. Martinez-Romero*, 817 F.3d 917, 925 (5th Cir. 2016), "[t]he court stated three times that even if the 16-level enhancement for the attempted kidnapping was incorrect, it would nonetheless impose the same 46-month sentence." But the court sentenced the defendant to 46 months, at the lowest end of the improperly calculated Guideline range of 46-57 months, "indicat[ing] that the improper [G]uideline calculation influenced the sentence." *Id.* at 925-

26. On remand, the court imposed a 26-month sentence. Amended Judgment, *United States v. Martinez-Romero*, No. 5:14-CR-563-001 (S.D. Tex. July 14, 2016).

In *Martinez-Romero* and all the cases cited by Redmond, this court vacated and remanded based on a Guidelines error because it was clear that the improperly calculated Guidelines range influenced the court's sentence. *See United States v. Rico-Mejia*, 859 F.3d 318, 320 (5th Cir. 2017) (court sentenced defendant to 41 months, at low end of improperly calculated Guidelines range of 41 to 51 months), *overruled by United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018); *Tanksley*, 848 F.3d at 353 (court sentenced defendant at the bottom of the erroneously calculated Guideline range); *United States v. Bazemore*, 608 F. App'x 207, 213 (5th Cir. 2015) (court sentenced defendant to 292 months, at low end of improperly calculated Guidelines range of 292 to 365 months); *United States v. Cardenas*, 598 F. App'x 264, 266 (5th Cir. 2015) (court sentenced defendant to 108 months, at low end of improperly calculated Guidelines range of 108 to 135 months); *United States v. Leal-Rax*, 594 F. App'x 844, 851 (5th Cir. 2014) (court sentenced defendant to 37 months, at low end of improperly calculated Guidelines range of 37 to 46 months); *United States v. Vasquez-Tovar*, 420 F. App'x 383, 383-84 (5th Cir. 2011) (court sentenced defendant to 70 months, at low end of improperly calculated Guidelines range of 70 to 87 months).

Therefore, while these cases demonstrate that district courts often impose lighter sentences when confronted with a sentencing error no matter how emphatically they indicate otherwise, they do not help Redmond rebut the Government's "evidence in the record that convincingly demonstrates the district court would [have] impose[d] the same sentence for the same reasons" absent the Guidelines error. *Hernandez-Montes*, 831 F.3d at 296 (emphasis

omitted).    In sum, there is simply no evidence that the district court was influenced by the improperly calculated Guidelines range.

Because the government has "convincingly demonstrate[d] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing," *Ibarra-Luna*, 628 F.3d at 714, we conclude that the district court's Guidelines calculation error was harmless.

## IV.

Finally, Redmond challenges the substantive reasonableness of his 180-month sentence.  Because Redmond moved for a downward variance, and the court ultimately imposed an above-Guidelines sentence, Redmond "advocate[d] for a sentence shorter than the one ultimately imposed," and therefore preserved his challenge to the substantive reasonableness of the sentence.  *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).  Accordingly, we review for abuse of discretion.  *See United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).

When reviewing a non-Guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (citations and internal quotation marks omitted).  We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The relevant statutory sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence to reflect the seriousness of the offense and provide just punishment, protect the public from further crimes of the defendant, and

provide the defendant with needed correctional treatment, (3) the kinds of sentences available, (4) the Sentencing Guidelines and any relevant policy statements, and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

*United States v. Diehl*, 775 F.3d 714, 723 (5th Cir. 2015) (citing 18 U.S.C. § 3553(a)). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it . . . does not account for a factor that should have received significant weight." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Redmond argues that while the district court claimed to consider the § 3553(a) factors, it failed to consider a factor that should have received significant weight—the advisory sentencing Guideline range—as evidenced by the district court stating that it was "basing [its] decision as to the ruling that should be made on the factors the Court should consider in sentencing under 18 [U.S.C. §] 3553(a) without regard to what the advisory guideline range might be in this case." We disagree.

First, the sentencing transcript reveals that the district court did not simply state that it was considering the § 3553(a) factors, but indeed analyzed them. The court discussed at length its reasons for imposing an above-Guidelines sentence, including the other bank robberies Redmond committed, his conviction for interference with a telephone call where he attempted to prevent his ex-wife from calling 911, and "[p]erhaps the most serious thing," his pending charge for aggravated assault of a family member where he stabbed and beat his wife. After describing these offenses, the court stated that "[t]he defendant is a danger to the community and will continue to be a danger to the community," and, "consider[ing] all of the factors the Court should consider under 18 [U.S.C. §] 3553(a) in sentencing, the Court's

concluded that . . . the defendant should receive a sentence of 180 months imprisonment."

Moreover, "the district court implicitly considered the [G]uidelines range that would have applied had it erred in calculating" Redmond's Guidelines range, *see United States v. Torres-Ibarra*, 536 F. App'x 461, 462 (5th Cir. 2013), by stating that "the sentence would be the same as I've imposed, without regard to what ruling I . . . should have made on the subject of abduction." Contrary to Redmond's argument, then, the district court did not fail to consider the Guidelines range—it considered both the miscalculated Guideline range and what range would have applied had the court sustained Redmond's objection on the abduction enhancement; it simply dispensed with those recommendations as insufficient to satisfy the § 3553(a) factors.

As for the extent of the variance—a 286% increase from the top of the properly calculated Guidelines range—the Government notes that this court has upheld similar variances. *See, e.g.*, *United States v. Smith*, 417 F.3d 483, 490-93 (5th Cir. 2005) (finding no abuse of discretion in 293% increase from the top of the advisory range); *Diehl*, 775 F.3d at 719, 726 (upholding 229% increase from the top of the Guidelines range). We conclude that "as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *Gerezano-Rosales*, 692 F.3d at 400 (quoting *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)).

\* \* \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

No. 19-10535

HAYNES, Circuit Judge, concurring:

I concur in the judgment and in Sections I, III, and IV of the opinion. Because the determination of whether this was an "abduction" is a complex legal question and not determinative of the outcome, I would not reach the issue and therefore do not join in Section II.