**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4717**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TODD DOMINIQUE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00108-WO-1)

Submitted: December 1, 2020                    Decided: January 6, 2021

Before GREGORY, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Renorda E. Pryor, HERRING LAW CENTER, PLLC, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Dominique Williams pled guilty to armed bank robbery and was sentenced to 108 months in prison. Williams appeals his sentence, challenging the district court's application of U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(A): the abduction enhancement. Williams contends that USSG § 2B3.1(b)(4)(B)—the lesser, restraint enhancement—applied instead. While we agree with Williams, we conclude that the district court's error was harmless. Thus, we affirm the judgment.

I.

In assessing whether a sentencing court properly applied the Guidelines, we "review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006). Williams received a four-level enhancement, pursuant to USSG § 2B3.1(b)(4)(A), because a person "was abducted to facilitate commission of the offense." However, the Guidelines alternatively provide a lesser enhancement of two levels "if any person was physically restrained to facilitate commission of the offense." USSG § 2B3.1(b)(4)(B). A victim is abducted, for the purposes of the Guidelines, if he is "forced to accompany an offender to a different location." USSG § 1B1.1 cmt. n.1(a).

We have held that "movement within the confines of a single building can constitute movement 'to a different location.'" *United States v. Osborne*, 514 F.3d 377, 388 (4th Cir. 2008). "[E]ven a temporary abduction can constitute an abduction for purposes of the sentencing guidelines." *United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir. 1996). In *Osborne,* we highlighted the importance of the abduction enhancement's accompaniment

2

element, reasoning that the difference between the two-level restraint enhancement and the four-level abduction enhancement was whether the robber accompanied the victim to the "other location." *Osborne*, 514 F.3d at 390-91; *see* USSG § 2B3.1(b)(4)(A). We noted that "a bank's customer service area and its secured vault might be considered 'different locations' within the same building, but a robber could not be assigned the abduction enhancement for forcing the movement of a bank teller from the customer service area to the vault if the robber did not accompany her there." *Osborne*, 514 F.3d at 391; *see also United States v. Redmond*, 965 F.3d 416, 419-20 (5th Cir. 2020) (concluding that ordering tellers to a nearby room during a bank robbery but not moving with them was insufficient accompaniment to justify the abduction enhancement).

We conclude that Williams did not sufficiently accompany the bank manager to justify the abduction enhancement. Williams forced the manager out of his office and the manager moved to the employee side of the teller line, but Williams never went behind the teller line himself. Moreover, there is no indication that Williams ever moved "in connection" with the manager after the manager exited his office. Instead, the record supported the conclusion that, once the bank manager was out of the office, Williams turned his attention to the tellers. Accordingly, we conclude that the district court erred in applying the abduction enhancement and determine that, instead, the restraint enhancement was applicable.

## II.

However, the Government argues that the error was harmless, and we agree. For "[a] Guidelines error [to be] considered harmless [this court must] determine that (1) the

3

district court would have reached the same result even if it had not decided the [G]uidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). A sentencing court need "not specifically state that it would give the same sentence absent the . . . enhancement." *United States v. Savillon-Matute*, 636 F.3d 119, 124 (4th Cir. 2011). Instead, the court must only indicate "that it would have reached the same result even if it had decided the [G]uidelines issue the other way." *Id.*

When "reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Gomez-Jimenez*, 750 F.3d at 383 (internal quotation marks omitted). We also examine "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of the variance." *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district court repeatedly stated that a 108-month sentence was appropriate, regardless of whether the four-point abduction enhancement or the two-point restraint enhancement applied. Moreover, had the district court applied only the two-point restraint

4

enhancement, Williams' Guidelines range would have been 70 to 87 months' imprisonment. *See* USSG ch. 5 pt. a. A 108-month sentence would therefore have been a 21-month enhancement. We conclude that this would have been a reasonable variance, given the circumstances of this case.

III.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*