# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

Lyle W. Cayce
Clerk

No. 20-10196
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BARRY BAYS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-357-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Barry Bays appeals from the sentence imposed by the district court as to his jury verdict convictions for conspiracy to defraud the United States (Count One) and conspiracy to commit mail fraud (Count Two). At the first resentencing, the district court relied on sentencing calculations based on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10196

U.S.S.G. §§ 2X1.1 and 2B1.1 (2014) to reach an advisory range of 210 to 262 months of imprisonment. The district court varied upwards and imposed a sentence of 60 months of imprisonment on Count One and 240 months of imprisonment on Count Two to run consecutively. On appeal, we held that the district court erred by applying the loss adjustment under § 2B1.1(b)(1) without first making an explicit primary finding, supported by a preponderance of the evidence, that either of these offenses in fact resulted in an actual or intended loss. *United States v. Bays*, 765 F. App'x 945, 952-53 (5th Cir. 2019). On that basis alone, we vacated Bays's sentence and remanded the matter to the district court for further proceedings. *Id.* at 956.

On remand, the probation officer (1) recommended a finding of actual or intended loss based on a preponderance of the available evidence in order to sentence Bays using the § 2B1.1 calculation, and (2) in the alternative, if the district court did not agree with that loss recommendation, offered an alternate calculation based on U.S.S.G. §§ 2X1.1, 2N2.1, and 2D1.1 (2014) that resulted in an advisory range of 300 months of imprisonment. At sentencing, the district court adopted the probation officer's recommendations, found there was actual or intended loss for purposes of the § 2B1.1 calculation, and also determined that the alternate calculation was applicable. The district court again imposed a sentence of 60 months of imprisonment on Count One and 240 months of imprisonment on Count Two to run consecutively. As to the § 2B1.1 calculation, the sentence was an upward variance, but it was a within-guidelines sentence for the alternate calculation. The district court also noted that it would have imposed this same sentence under the 18 U.S.C. § 3553(a) factors even if its application of either calculation was incorrect.

In his opening brief, Bays challenges the district court's application of § 2B1.1 to his sentence and its finding that there was actual or intended loss. In his reply brief, he added arguments against the substantive reasonableness

No. 20-10196

of the § 2B1.1 upward variance and against the alternate calculation. Bays has waived these latter challenges by failing to raise them in his opening brief. *See United States v. Hernandez*, 457 F.3d 416, 424 n.4 (5th Cir. 2006).

We need not consider Bays's challenge to the § 2B1.1 calculation if the sentence can be affirmed on the district court's alternate basis. *See United States v. Hebert*, 813 F.3d 551, 561-62 (5th Cir. 2015). As noted, Bays has waived any challenge to the alternate calculation based on §§ 2X1.1, 2N2.1, and 2D1.1 by failing to brief it. In any event, even if the district court committed procedural error in the § 2B1.1 calculation, the Government has met its burden under harmless-error analysis. *See United States v. Redmond*, 965 F.3d 416, 420-21 (5th Cir. 2020), *cert. denied*, 2021 WL 666598 (U.S. Feb. 22, 2021) (No. 20-6631). In this case, the district court's explicit statements that it would have imposed the same sentence under the § 3553(a) factors regardless of any error in its guideline calculations, as well as other indications in the record showing that the sentence was based on independent factors, establish harmlessness. *See id.*

AFFIRMED.