# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2021

Lyle W. Cayce
Clerk

No. 21-10092
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM ADAM JONATHAN SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-128-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

William Adam Jonathan Smith appeals his sentence following his convictions for one count of conspiracy to commit sex trafficking of a minor and one count of sex trafficking of a minor. Specifically, he argues that the district court erred by imposing a two-level aggravating role enhancement for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10092

being an organizer, leader, manager, or supervisor of the offense. *See* U.S.S.G. § 3B1.1(c).

However, we need not determine the issue if any error would be harmless. *See United States v. Hebert*, 813 F.3d 551, 561–62 (5th Cir. 2015). We conclude that, even if the district court committed procedural error by imposing a § 3B1.1(c) enhancement, the Government has met its burden under a harmless-error analysis. *See United States v. Redmond*, 965 F.3d 416, 420–21 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1411 (2021). In this case, the calculated Guidelines range was 262 to 327 months of imprisonment, but the district court varied downward to concurrent sentences of 180 months of imprisonment. The district court stated it would impose this same sentence regardless of any error in its Guideline calculations, stated the sentence was based on 18 U.S.C. § 3553 and cited several of the § 3553(a) sentencing factors, and explained that the facts of the case were "outside the heartland of cases of this nature." Finally, there is no indication that the sentence chosen was based on a calculated Guidelines range. *Cf. United States v. Martinez-Romero*, 817 F.3d 917, 925–26 (5th Cir. 2016).

AFFIRMED.