# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2021

Lyle W. Cayce
Clerk

No. 20-40629
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LORI MAJORS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-21-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Lori Majors pleaded guilty to conspiring to: kidnap and hold a person for ransom or reward, and launder the proceeds of an unlawful activity. *See* 18 U.S.C. §§ 2, 1201(a)(1), (c), and 1956(a)(1), (h). She was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 480-months'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment.    Majors contends the district court erred by:    applying "vulnerable victim" and ransom enhancements (including attributing a ransom demand to her); failing to give adequate reasons for its sentencing decision; and imposing a sentence that is substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly-preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For the issues raised on appeal, however, Majors did not preserve two of the claimed errors:  the court attributed a ransom demand to her; and it failed to give adequate reasons for its sentencing decision.  Therefore, review of those issues is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Majors must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

For this claimed procedural error, Majors has not shown the court committed reversible plain error by enhancing her offense level under Guideline § 3A1.1(b)(1) because she "knew or should have known that a

victim of the offense was a vulnerable victim" or under Guideline § 2A4.1(b)(1), which applies in kidnapping proceedings when a ransom demand was made. But, even assuming Majors preserved this claim for appeal (including ransom should not have been attributed to her) and could establish error, any error was harmless. The Guideline § 3A1.1(b)(1) enhancement had no bearing on the calculation of her Guidelines range. *See United States v. Sidhu*, 130 F.3d 644, 652 (5th Cir. 1997) (explaining granting relief for enhancement would not change the controlling Guidelines range). Additionally, the district court's stated reasons show it would have imposed the same sentence even if the enhancements were applied in error, and it would have done so for the same reasons. *See United States v. Redmond,* 965 F.3d 416, 421–22 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1411 (2021) (holding Guidelines-calculation error harmless because court would have imposed same sentence for same reasons).

Majors' assertion that her sentence is procedurally unreasonable because the court failed to give adequate reasons for the upward variance or for its extent (which, as noted, she did not preserve in district court) does not establish reversible plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585–86 (5th Cir. 2021), *petition for cert. filed* (U.S. June 24, 2021) (No. 20-8439). The court provided a sufficient explanation for rejecting Majors' request for a shorter sentence and demonstrated it had a reasoned basis for its sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356–57 (2007) (noting the district court's explanation must sufficiently show it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority"). In any event, Majors has not asserted, much less shown, that any lack of stated reasons affected her substantial rights. *See Puckett,* 556 U.S. at 135 (explaining appellant, for one prong of plain-error review, must show the clear-or-obvious error affected substantial rights).

Finally, Majors has not shown her sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). She contends her sentence: is disparate to those of her codefendants; is based on clearly erroneous facts; and constitutes a clear error of judgment in balancing the § 3553(a) sentencing factors. These assertions fail. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400–01 (5th Cir. 2012) (explaining a non-Guidelines range sentence is unreasonable if it "does not account for a factor that should have received significant weight", "gives significant weight to an irrelevant or improper factor", or "represents a clear error of judgment in balancing the sentencing factors" (citation omitted)). Under the totality of the circumstances, including the significant deference given to the district court's consideration of the § 3553(a) sentencing factors and the court's reasons for its sentencing decision, Majors has not shown an abuse of discretion. *See Gall*, 552 U.S. at 51 (explaining appellate court "must give due deference to the district court's decision that the § 3553 factors, on a whole, justify the extent of the variance").

AFFIRMED.