# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30144
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lynn D. Cawthorne,

*Defendant—Appellant*,

CONSOLIDATED WITH

_____

No. 22-30152

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Belena C. Turner,

*Defendant—Appellant*.

_____

No. 22-30144
c/w No. 22-30152

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 5:18-CR-107-1, 5:18-CR-107-2

_____

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.
PER CURIAM:[*]

Lynn D. Cawthorne and Belena C. Turner pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.[1] The charges against Cawthorne and Turner stemmed from their having used their organization, United Citizens and Neighborhoods, Inc. (UCAN), to defraud, from 2011 to 2014, the Food and Nutrition Service of the United States Department of Agriculture (USDA), specifically the Summer Feeding Service Program (SFSP), which in Louisiana was administered by the Louisiana Department of Education (LDOE).

For sentencing purposes, the district court determined that the amount of intended loss resulting from the wire fraud offense was $987,919.72; this resulted in a 14-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H) for both Cawthorne and Turner. The court sentenced each defendant within the applicable guidelines range to 46 months of imprisonment, followed by three years of supervised release. The court also ordered Cawthorne and Turner to pay, jointly and severally, restitution in the amount of $837,690.01 to the USDA.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] In a separate criminal case, which was joined with the instant action in the district court, Cawthorne pleaded guilty to aiding and assisting in making and subscribing a false return, in violation of 26 U.S.C. § 7206(2). He was sentenced to 36 months of imprisonment, to run concurrently with his wire fraud sentence, and ordered to pay $58,183.95 in restitution to the Internal Revenue Service. Cawthorne does not challenge the tax conviction and sentence in the instant appeal.

No. 22-30144
c/w No. 22-30152

On appeal, Cawthorne and Turner first argue that the district court erred in its loss determination because the Government's calculations were unreliable, and they urge that the court should have instead used $132,257.25, which was the loss amount calculated by the LDOE in its pending civil action against Cawthorne and Turner. We "review the district court's loss calculations for clear error," but "the district court's method of determining the amount of loss, as well as its interpretations of the meaning of a sentencing guideline, [are reviewed] de novo." *United States v. Harris*, 821 F.3d 589, 601 (5th Cir. 2016) (internal quotation marks, citation, and emphasis omitted). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted). Given the "unique position" the district court occupies to assess the loss amount, its loss calculation is entitled to appropriate deference. *United States v. Hebron*, 684 F.3d 554, 560 (5th Cir. 2012); *see also* § 2B1.1, comment. (n.3(C)).

The district court was entitled to rely on the presentence report (PSR)'s findings of fact as long as that information bore some indicia of reliability. *United States v. Simpson*, 741 F.3d 539, 557 (5th Cir. 2014). When challenging the PSR, the defendant has the burden of presenting rebuttal evidence to show that the information in the PSR is inaccurate or materially untrue. *Id.* Here, testimony and other evidence established that FBI agents looked at several types of documents, interviewed employees of the feeding centers, and performed an accounting into UCAN's expenses via its bank statements to determine the $987,919.72 loss amount. As the district court noted, and as the sentencing exhibits show, the LDOE's investigation was more limited than the FBI's and covered only 2012 and 2014. Additionally, the LDOE's investigation covered primarily only one feeding site—and only two sites total—to determine a loss amount of $132,257.25. Cawthorne and

No. 22-30144
c/w No. 22-30152

Turner did not otherwise offer any evidence demonstrating that the Government's calculations were inaccurate or unreliable, nor did they offer any evidence reflecting additional legitimate expenses. Therefore, they have failed to show that the district court clearly erred in its loss calculation and its assessment of the 14-level enhancement. *See Harris*, 821 F.3d at 601; *Cisneros-Gutierrez*, 517 F.3d at 764.

Cawthorne and Turner next assert that district court impermissibly engaged in double counting when it applied both a misrepresentation enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(A) and an abuse of trust enhancement pursuant to U.S.S.G. § 3B1.3 to the same conduct. The application of two different enhancements to the same course of conduct does not constitute impermissible double counting if each enhancement targets a different aspect of the defendant's behavior. *See United States v. Scurlock*, 52 F.3d 531, 540 (5th Cir. 1995); *see also* § 2B1.1, comment. (n.8(E)(i)) (providing that § 3B1.3 cannot be applied "[i]f the conduct that forms the basis for an enhancement under [§ 2B1.1(b)(9)(A)] is the only conduct that forms the basis for an adjustment under § 3B1.3").

Here, the district court expressly determined that § 2B1.1(b)(9)(A) applied to Cawthorne and Turner's misrepresentations to the LDOE that they were operating a charitable food program that the SFSP was funding. On the other hand, the district court found that § 3B1.3 applied to Cawthorne and Turner's abuses of their positions at UCAN to divert funding received by UCAN into their personal accounts and to secure feeding sites throughout the community. Accordingly, the court did not erroneously double count, as each enhancement targeted different aspects of the defendants' behavior. *See Scurlock*, 52 F.3d at 540-41; § 2B1.1, comment. (n.8(E)(i)). Even if the district court erred in this regard, the Government has convincingly shown that any error was harmless, as the district court stated that it would have imposed the same 46-month sentences on both Cawthorne and Turner if it

had applied only one of the enhancements. *See United States v. Redmond*, 965 F.3d 416, 420 (5th Cir. 2020).

Cawthorne also claims that restitution should be paid to the LDOE, not the USDA. However, any error concerning to whom the restitution is to be paid will not harm Cawthorne: whether the recipient is the USDA or the LDOE, he remains liable for paying the same amount of $837,690.01 in restitution. Therefore, the Government is correct that Cawthorne lacks constitutional standing to challenge the recipient of the award. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

Lastly, Turner asserts that her within-guidelines sentence is substantively unreasonable, as the district court failed to give significant weight to her history as a public servant and her good deeds to her community. Because she preserved this challenge, our review is for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017).

Turner has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). At sentencing, the district court indicated that it considered the § 3553(a) factors in determining Turner's sentence, noting Turner's criminal history, personal characteristics, and involvement in the wire fraud offense, as well as Turner's argument for a sentence below the guidelines range. The district court expressly acknowledged Turner's "good deeds in the community," but found that her good deeds were "overshadowed by the harm that she [had] done." Turner is essentially asking us to reweigh the § 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, Turner has failed to rebut the presumption of reasonableness applicable to her within-

No. 22-30144
c/w No. 22-30152

guidelines sentence and has not shown that the district court abused its discretion. *See Cooks*, 589 F.3d at 189; *Hernandez*, 876 F.3d at 166-67.

The judgments of the district court are AFFIRMED.