# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

No. 23-20351

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert McNeal,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-514-1

_____

Before Higginson, Willett, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Albert McNeal pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 60 months of incarceration and a three-year term of supervised release. McNeal challenges that sentence as procedurally erroneous. We affirm.

I.

McNeal has an extensive criminal history. He has 18 criminal convictions including seven felonies. Many of those crimes involved violence

and carrying a weapon. His current § 922(g) conviction arose from an alleged aggravated assault with a deadly weapon and murder related to two separate shootings.

Prior to sentencing, the Probation Office recommended a four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using a weapon in connection with another felony offense (namely the aggravated assault and murder). McNeal objected to the enhancement.

At sentencing, the district court decided that the Guidelines, with or without the § 2K2.1(b)(6)(B) enhancement, did not accurately reflect McNeal's criminal history and the nature of his offense. The court therefore concluded a variance was necessary to satisfy the 18 U.S.C. § 3553(a) factors. The court explained:

> I'm not going to be sentencing pursuant to the sentencing guidelines. I certainly recognize that the offense level at this point is 15, the criminal history category is IV and that would generally call for a certain sentence.

> But that's simply a beginning point for me as it relates to what I think this sentence ought to be, particularly, concerning the individuals—the defendant's individual conduct and history of misconduct.

ROA.146–47. Accordingly, it declined to rule on the objection to the § 2K2.1(b)(6)(B) enhancement as unnecessary. And the court chose a 60-month sentence that fell outside of the Guidelines system.

After the court orally pronounced the sentence, McNeal's counsel pressed the court to rule on the enhancement objection. In turn, the court reiterated its position:

> I said I didn't need to rule on it because I had determined and have determined that an upward departure is appropriate, and I don't need to consider it since it would be of insignificance in

> my judgment to rule on it because it would not make a difference in my sentencing. My sentencing has to do with the 3553(a) factors.

ROA.163. When again pushed by counsel, the court repeated for a third time its view as to the basis of its sentencing:

> It's a 3553(a) consideration. After looking at the entire record, it's my judgment that 60 months confinement on this weapons case is an appropriate sentence in this matter and that I don't need to reach the question of whether or not this four-point factor is an important factor or not.

ROA.164.

McNeal timely appealed.

## II.

McNeal argues that his sentence is procedurally unreasonable because the district court did not rule on his objection to the § 2K2.1(b)(6)(B) enhancement. He contends that, under binding Supreme Court precedent, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Because the district court never ruled on the Guidelines enhancement, McNeal concludes, the district court could not possibly have calculated the applicable Guidelines range.[1] And without that range as a starting point, the court's variance decision was procedurally improper.

As an initial matter, we disagree that the district court did not calculate the applicable Guideline range. The court noted that even with the

---

[1] By pretermitting any disputed fact about the use of the gun possessed by McNeal, the district court avoided deciding, in a federal sentencing hearing, uncharged and unadjudicated facts relating to state charges of assault and murder then-pending against McNeal. *See* Fed. R. Crim. P. 32(i)(3)(B).

four-level enhancement suggested by the Probation Office, McNeal's offense level would be 15 and he would fall in criminal history category IV. All agree those calculations were correct (again assuming the enhancement applied). *See* Blue Br. at 16 (offering the same Guidelines calculation). True, the district court did not then say: "Using my correctly calculated offense level and criminal history category, the advisory Guideline range would be 30–37 months." But the district court *did* identify the correct box in the Sentencing Table, which it determined was inadequate. *See* U.S.S.G. Ch.5, Pt. A (Sentencing Table). Requiring the district court to go one more step and to recite the numbers in that correct box, as if saying the magic words for a Potteresque incantation, would turn sentencing into a hypertechnical exercise of empty formalism.

In any event, the Government has easily shown that any error was harmless. FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *Williams v. United States*, 503 U.S. 193, 203 (1992) ("[I]n determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors."). We have repeatedly pretermitted consideration of procedural errors on the ground that the district court made clear its decision to vary from the Guidelines. *See, e.g.*, *United States v. Hebert*, 813 F.3d 551, 561–62 (5th Cir. 2015) (even if the district court erroneously interpreted a Guidelines cross-reference, its sentence was "appropriate as an upward variance"); *United States v. Urbina*, 542 F. App'x 398, 399 (5th Cir. 2013) (per curiam) (unpublished) ("We need not consider the propriety of [a] sentence as an upward departure . . . because the sentence may be affirmed on the court's alternate basis as an upward variance justified by the 18 U.S.C. § 3553(a) sentencing factors."); *see also* *United States v. Redmond*, 965 F.3d 416, 420 (5th Cir. 2020) ("A procedural

error is harmless if the error did not affect the district court's choice of sentence." (citing *United States v. Halverson*, 897 F.3d 645, 652 (5th Cir. 2018)); *United States v. Bonilla*, 524 F.3d 647, 656–59 (5th Cir. 2008), *overruled on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169, 176–78 (5th Cir. 2018) (en banc). "[T]he crux of the harmless-error inquiry is whether the district court *would* have imposed the same sentence" regardless of any alleged error, and that the record shows a "clarity of intent" by the district court in doing so. *Halverson*, 897 F.3d at 652 (citations omitted); *accord Williams*, 503 U.S. at 203.

It is hard to imagine what more the district court could have said to make clear that McNeal received a 60-month sentence *regardless* of the § 2K1.1(b)(6)(B) issue. As it stated multiple times on the record, the court's choice of sentence was founded on its independent consideration of McNeal's criminal history and dangerousness under the § 3553(a) factors; the court also emphasized that a ruling on the objection, in either direction, had no bearing on its sentencing. *United States v. Smith*, No. 21-10092, 2021 WL 4515391, at *1 (5th Cir. Oct. 1, 2021) (per curiam) ("[T]here is no indication that the sentence chosen was based on a calculated Guidelines range." (citing *United States v. Martinez-Romero*, 817 F.3d 917, 925–26 (5th Cir. 2016) (discussing harmless error in similar circumstances))). When pressed to rule on the § 2K1.1(b)(6)(B) enhancement, the district court *twice* said that issue was irrelevant because it was choosing a sentence outside of the Guidelines range calculated in the Presentence Report, thus obviating the parties' Guidelines dispute. It stated, again, that: "After looking at the entire record, it's my judgment that 60 months confinement on this weapons case is an appropriate sentence in this matter. . . ." ROA.164.

Because sentencing is not an incantation of "magic words," *United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017), any error, if at all, was harmless. *See United States v. Rebulloza*, 16 F.4th 480, 484–85 (5th Cir.

2021); *Redmond*, 965 F.3d at 420; *Halverson*, 897 F.3d at 652; *Smith*, 2021 WL 4515391, at *1.

### III.

McNeal makes two final arguments that merit discussion. First, he contends: "Contrary to the district court's view, there is no such thing as a '§ 3553(a) sentence' untethered to the Guidelines." Blue Br. 19. This contention misses the mark. The entire point of a variance is that the district court chose to impose a non-Guidelines-range sentence under § 3553(a):

> A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation . . . or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a).

*United States v. Rangel*, 697 F.3d 795, 801 (9th Cir. 2012) (citation omitted); *see also United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011) (per curiam) ("The district court's authority to impose a departure emanates from 18 U.S.C. § 3553(b)(1). . . . By contrast, if after completing the Guidelines' three-step process the district court imposes a sentence that is outside the [G]uidelines framework, such a sentence is considered a 'variance.' The district court's authority to impose a variance is discretionary and stems from 18 U.S.C. § 3553(a)." (citations omitted)).[2]

---

[2] On at least one occasion, the district court referred to its sentence as a "departure." ROA.163. As noted throughout this opinion, the district court repeatedly

No. 23-20351

Second, McNeal contends that we cannot find harmless error where, as here, the district court failed to calculate the correct Guidelines range. *See* Blue Br. 22 (citing *United States v. Ibarra-Luna*, 628 F.3d 712, 718–19 (5th Cir. 2010)). But *Ibarra-Luna* is easily distinguishable. In that case, the district court expressly *relied* on the Guidelines. It said: "I need to understand where he comes out on the Guidelines, and *then* make my variance." *Ibarra-Luna*, 628 F.3d at 719. If the district court says, "I am basing my departure decision on the Guidelines," then a miscalculation in the Guidelines range might affect the defendant's substantial rights. But this case is very different in two ways. First, the district court did calculate the correct inputs for the Guidelines' Sentencing Table. And second, the court made pellucid that its sentence was a variance and hence not tethered to the Guidelines. *See* n.2, *supra*.

AFFIRMED.

---

emphasized that it chose a sentence independent of the Guidelines and hence imposed a "variance."